IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AVADEL SPECIALTY PHARMACEUTICALS, LLC,[1] | Case No. 19-10248 (CSS) |
| Debtor. | Ref. Docket Nos. 26, 44 |

## ORDER (A) APPROVING BID PROCEDURES RELATING TO THE SALE OF ASSETS OF THE DEBTOR, (B) ESTABLISHING PROCEDURES IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (C) APPROVING NOTICE PROCEDURES, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtor, pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rules 2002-1 and 6004-1, for entry of an order (this "**Bid Procedures Order**"): (i) approving the bid procedures in the form annexed hereto as **Exhibit 1** (as amended or modified, the "**Bid Procedures**") to be implemented in connection with a sale (the "**Sale**") of all or certain of the assets of the Debtor (the "**Assets**"); (ii) establishing procedures in connection with the Debtor's assumption and assignment to the Successful Bidder or Backup Bidder of certain executory contracts and unexpired leases (each an "**Assumed Contract**" and, collectively, the "**Assumed Contracts**") and the corresponding cure amounts (the "**Cure Amounts**") required to be paid in connection with the assumption and assignment, (iii) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and

---

[1] The business address and the last four (4) digits of the Debtor's federal tax identification number is Avadel Specialty Pharmaceuticals, LLC, 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005 (8959).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion or the Bid Procedures, as applicable. In the event of a discrepancy between the definitions contained in the Motion and the Bid Procedures, those contained in the Motion shall control.

Potential Bidders of the Bid Procedures, the auction of the Assets (the "**Auction**"), the sale hearing for the Assets (the "**Sale Hearing**"), and the Debtor's intent to assume and assign to the Successful Bidder or Backup Bidder the Assumed Contracts and the corresponding Cure Amounts; and (iv) granting related relief; the Court, having determined that the relief provided herein is in the best interests of the Debtor, its estate, creditors and other parties in interest and calculated to result in the highest or otherwise best offer for the Assets, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections and responses to the Motion having been resolved and otherwise withdrawn or overruled; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of this Chapter 11 Case; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The Motion and the Bid Procedures comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.    The notice given by the Debtor of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable Local Rules, and no other or further notice is necessary, except as set forth herein with respect to the Auction and Sale Hearing.

D.    A reasonable opportunity to object or be heard regarding the relief provided herein with respect to the Motion has been afforded to parties in interest.

2

E. The proposed Notice Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Bid Procedures to be employed in connection therewith and the Sale Hearing. The Notice Procedures comply with Bankruptcy Rule 2002 and constitute sufficient notice to all interested parties and provide sufficient notice of the proposed Sale and related transactions.

F. The Notice of Assumption and Assignment is reasonably calculated to provide all counterparties to Assumed Contracts with proper notice of the potential assumption and assignment of their respective Assumed Contract(s) and any Cure Amount(s) relating thereto, *provided, however,* that the mere listing of any Assumed Contract on the Notice of Assumption and Assignment does not require or guarantee that such Assumed Contract will be assumed and assigned, and all rights of the Debtor with respect to such Assumed Contracts are reserved.

G. The Debtor has articulated good and sufficient business reasons for this Court to approve (i) the Bid Procedures, (ii) the scheduling of the Auction and the Sale Hearing, (iii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Assumed Contracts, and (iv) related deadlines in connection with each of the foregoing.

H. The Debtor has demonstrated that the Bid Procedures are reasonably designed to enable the Debtor to receive bids for some or all of the Assets and represent the best method for maximizing the realizable value of the Assets and serve to maximize estate value for the benefit of all of the Debtor's stakeholders and parties in interest.

I. Entry of this Bid Procedures Order and the granting of the relief set forth herein are in the best interests of the Debtor, its estate, creditors and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion as it relates to the Bid Procedures and the scheduling of and notice to be approved with respect to the Auction and the Sale Hearing is granted and approved as set forth in this Bid Procedures Order.

2. All objections and responses to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Bid Procedures, attached hereto as **Exhibit 1**, are incorporated herein and approved in their entirety, and shall apply with respect to the sale of the Assets. The failure to specifically include or reference a particular provision of the Bid Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such provision. The Debtor is authorized to take all actions necessary or appropriate to implement the Bid Procedures. In the event of an inconsistency between this Bid Procedures Order and the Bid Procedures, the Bid Procedures Order shall prevail.

4. The Debtor is hereby authorized to pursue a Sale of its Assets in accordance with the Bid Procedures.

5. The process for submitting Qualified Bids (as defined in the Bid Procedures) is fair, reasonable, and appropriate and is designed to maximize recoveries for the benefit of the Debtor's estate, its creditors and other parties in interest.

6. All information relating to the Assets provided to assist a person or entity in evaluating whether to participate in the Auction is confidential. Any person or entity that is provided with such information (i) shall use such information solely for the purpose of evaluating whether to participate in the Auction; (ii) shall not use such information for any other purpose; (iii) shall hold such information in strict confidence; (iv) shall not, directly or indirectly,

disclose any of such information, subject to certain limited exceptions; (v) *shall undertake reasonable precautions to protect the confidentiality of such information*; and (vi) shall be solely responsible for any ramifications resulting from any disclosure of such information.

7.  As further described in the Bid Procedures, the deadline for submitting Written Offers for some or all of the Assets (the "**Bid Deadline**") is **April 1, 2019 at 4:00 p.m. (prevailing Eastern Time).**

8.  If there are two or more Qualified Bids received in accordance with the Bid Procedures, the Auction shall take place on **April 3, 2019 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, NY 10166, or such other place and time as the Debtor shall notify all parties in interest attending the Auction.

9.  The Auction shall be conducted in accordance with the Bid Procedures.

10. The Auction will be conducted openly.

11. Bidding at the Auction will be transcribed.

12. The Sale Hearing shall be held before this Court on **April 10, 2019 at 2 : 00 p.m. (prevailing Eastern Time)** or as soon thereafter as counsel and interested parties may be heard. Objections, if any, to the Sale of the Assets to any Successful Bidder and/or the relief requested in the Debtor's motion to approve the Sale, other than the relief approved in this Order, must be in writing and filed with the Court **on or before April 8, 2019 at 4:00 p.m. (prevailing Eastern Time)** and be served such that they are actually received by the following parties (collectively, the "**Notice Parties**"): (i) Debtor's counsel, Greenberg Traurig, LLP, 333 S.E. 2nd Avenue, Suite 4400, Miami, FL 33131, Attn: Paul J. Keenan Jr., e-mail: keenanp@gtlaw.com and John R. Dodd, e-mail: doddj@gtlaw.com; (ii) counsel to the DIP Lender, Troutman Sanders, 875 Third Avenue, New York, NY 10022, Attn: Jonathan D. Forstot, e-mail:

jonathan.forstot@troutman.com; (iii) the Office of the United States Trustee (Region 3), J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Buchbinder, e-mail: david.buchbinder@usdoj.gov.

13. The notice procedures described in subparagraphs (a) – (e) below are approved and shall be good and sufficient, and no other or further notice shall be required if given as follows:

    a. On or before three (3) business days after entry of this Bid Procedures Order, or as soon thereafter as such parties can be identified, the Debtor will cause to be sent by first-class mail postage prepaid (a) a notice in substantially the form annexed hereto as **Exhibit 2** (the "**Notice of Bid Procedures, Auction Date and Sale Hearing**"); and (b) a copy of the Bid Procedures Order, to the following: (i) the Office of the United States Trustee; (ii) counsel to the DIP Lender; (iii) all taxing authorities in the states where the Debtor is located, as well as the Internal Revenue Service, and all other federal, state and local taxing and regulatory authorities known to the Debtor to assert jurisdiction over the Debtor or which are reasonably expected by the Debtor to have claims, contingent or otherwise, in connection with the ownership of the Assets, or to have any known interest in the relief requested by the Motion; (iv) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (v) all persons known or reasonably believed by the Debtor to have asserted any lien, claim, encumbrance, right of first refusal, or other interest in or upon any of the Assets; (vi) the non-Debtor parties to the Assumed Contracts; (vii) all persons known or reasonably believed to have expressed an interest in acquiring the Assets within the last four (4) months; (viii) the United States Attorney's office for the District of Delaware; (ix) Attorneys General in the states where the Debtor is located; (x) any applicable state and local environmental agencies; (xi) all parties to any pending litigation involving the Debtor; (xii) the SEC; (xiii) the IRS; and (xiv) all other known creditors not otherwise included in (i) through (xiii).

    b. On or before three (3) business days after entry of this Bid Procedures Order, the Debtor will serve the Notice of Bid Procedures, Auction Date and Sale Hearing on all known creditors of the Debtor.

    c. On or before seven (7) days after entry of this Bid Procedures Order, subject to applicable submission deadlines, the Debtor will publish an abbreviated version of the Notice of Bid Procedures, Auction Date and Sale Hearing once in one or more regional and/or national publications that the Debtor, in its business judgment, deems appropriate.

    d. On or before three (3) business days after the entry of the Bid Procedures Order, the Debtor shall serve by first class mail or hand delivery, a

notice, substantially in the form attached hereto as **Exhibit 3**, of the potential assumption and assignment of the Assumed Contracts (the "**Notice of Assumption and Assignment**") on all non-Debtor parties to the Assumed Contracts. The Notice of Assumption and Assignment (or a Supplemental Notice of Assumption and Assignment (defined below)) shall (i) identify the calculation of the Cure Amounts that the Debtor believe must be paid to cure all prepetition defaults under the Assumed Contracts, and (ii) provide instructions for the timing and procedure governing the filing of any objections to (a) the proposed Cure Amounts and (b) the proposed assumption and assignment of any Assumed Contract in connection with the Sale, as approved by the Bankruptcy Court in the Bid Procedures Order. In addition, if the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Successful Bidder or Backup Bidder, as applicable, that are not included in the original Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "**Supplemental Notice of Assumption and Assignment**") to the applicable counterparties to such additional Assumed Contracts.

    e.    In addition to the foregoing, electronic notification of the Motion, the Bid Procedures Order, the Notice of Bid Procedures, Auction Date and Sale Hearing, and the Notice of Assumption and Assignment will be provided to those parties registered with: (i) the main case docket on the Bankruptcy Court's electronic case filing (ECF) website; and/or (ii) the case management website maintained by the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/#/case/AVS/dockets.

14.    The Notice of Bid Procedures, Auction Date and Sale Hearing and the Notice of Assumption and Assignment to be issued in connection with the proposed Sale of the Assets, substantially in the forms annexed hereto as **Exhibits 2 and 3**, respectively, are approved.

15.    Unless the non-Debtor party to an Assumed Contract files an objection (the "**Contract Objection**") to (a) their scheduled Cure Amount and/or (b) to the proposed assumption and assignment of such Assumed Contract, as applicable, by (i) **4:00 p.m. (prevailing Eastern Time) on April 8, 2019** (the "Contract Objection Deadline") and serves a copy of the Contract Objection so as to be received no later than the Contract Objection Deadline on the Notice Parties, then such non-Debtor party (i) will be forever barred and estopped from objecting to the Cure Amount and the Debtor and the Successful Bidder or Backup Bidder, as applicable, shall be entitled to rely solely upon the Cure Amount, and (ii) if the Assumed Contract is identified as an Asset to be acquired by the Successful Bidder or Backup Bidder, as

7

applicable, will be deemed to have consented to the assumption and assignment of such Assumed Contract and will be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or the Backup Bidder, as applicable, or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied, under such Assumed Contract. Notwithstanding the foregoing, a non-Debtor party to an Assumed Contract shall not be barred from seeking amounts in excess of any stated Cure Amount associated with an Assumed Contract on account of any defaults occurring between the service of the Notice of Assumption and Assignment and the assumption of such Assumed Contract. In addition, as provided below, notwithstanding the foregoing, each non-Debtor party to such Assumed Contract shall retain the right to object, at the Sale Hearing, to the assumption and assignment of its Assumed Contract based solely on the issue of whether the Successful Bidder or Backup Bidder, as applicable, can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

16. If a Contract Objection challenges a Cure Amount (or asserts any other objection to assumption and assignment of an Assumed Contract), the Contract Objection must set forth the Cure Amount being claimed by the objecting party with appropriate documentation in support thereof, and specify (with appropriate supporting documentation) the factual and legal basis for any other objection. Upon receipt of a timely filed Contract Objection, the Debtor, with the consent of the Successful Bidder or Backup Bidder, as applicable, is authorized, but not directed, to resolve any Contract Objection by mutual agreement with the objecting counterparty to any Assumed Contract without further order of the Court. In the event that the Debtor and any objecting party are unable to resolve consensually any timely filed Contract Objection, the Court will resolve any such Contract Objection at the Sale Hearing or at such other hearing as set by this Court.

17. Notwithstanding anything to the contrary contained in this Bid Procedures Order, the Debtor, and the Successful Bidder or Backup Bidder, as applicable, may determine to add or exclude any Assumed Contract from the list of Assets to be acquired no later than two (2) days prior to the Sale Hearing. The non-Debtor party to any contract that is removed from the list of Assumed Contracts will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

18. In the event an Auction is conducted for the Assets, following the conclusion of the Auction and not later than **April 4, 2019 at 12:00 p.m. (prevailing Eastern Time)**, subject to the filing of a notice by the Debtor indicating that the Auction has not concluded by such time, the Debtor will file a notice (the "**Notice of Successful and Backup Bidders**") with the Court that provides the identities of the Successful Bidder and the Backup Bidder as well as the Successful Bid and the Backup Bid for the Assets. The Debtor will serve such notice on the United States Trustee in satisfaction of Bankruptcy Rule 6004(f)(1). The Debtor will also serve such notice by fax, electronic mail or overnight delivery (with overnight delivery to be used solely in the event neither fax or electronic information is available) on (i) the non-Debtor parties to the Assumed Contracts that have been identified in such Successful Bid and Backup Bid and (ii) those creditors who provide a written request for such notice along with their fax numbers, email addresses or mailing addresses to counsel for the Debtor. The non-Debtor parties to such Assumed Contracts will have until the commencement of the Sale Hearing (the "**Adequate Assurance Objection Deadline**") to object to the assumption and assignment of such Assumed Contract solely on the issue of whether the Successful Bidder or Backup Bidder, as applicable, can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

19. In the event an Auction for the Assets is conducted, objections may be raised at the Sale Hearing with respect to (i) the conduct of the Auction, itself, (ii) the proposed form of Sale Order approving such Successful Bidder, and (iii) the proposed Final Purchase Agreement between the Debtor and such Successful Bidder.

20. Except as otherwise provided in this Bid Procedures Order, the Debtor, in its business judgment, further reserves the right as it may reasonably determine to be in the best interests of its estate, subject to conformity with the Bid Procedures, to: (a) determine which Potential Bidders are Qualified Bidders; (b) determine which Written Offers are Qualified Bids; (c) determine which Qualified Bid(s) is the highest or otherwise best proposal, the Successful Bid, and which is the next highest or otherwise best proposal, the Backup Bid; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bid Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) waive terms and conditions set forth herein with respect to all Qualified Bidders; (f) impose additional terms and conditions with respect to all Qualified Bidders; (g) extend the deadlines set forth herein; (h) adjourn or cancel the Auction and/or Sale Hearing, provided that the Debtor shall use reasonable efforts to provide notice of adjournment or cancellation to all Qualified Bidders at least 24 hours prior to the commencement of the Auction; and (i) modify the Bid Procedures or withdraw the request to sell some or all of the Assets to the Successful Bidder or Backup Bidder, as applicable, at any time with or without prejudice.

21. Copies of the Motion, the Bid Procedures Order, the Notice of Bid Procedures, Auction Date and Sale Hearing, and the Notice of Assumption and Assignment will be available, free of charge, on the case management website maintained by the Debtor's claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/#/case/AVS/documents.

22. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bid Procedures Order shall be effective immediately upon its entry.

23. All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Bid Procedures Order.

March 13, 2019