**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Avadel Specialty Pharmaceuticals, LLC,[1] | Case No. 19-10248 (CSS) |
| Debtor. | **Ref. Docket Nos. 204, 304, 319** |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN OF LIQUIDATION, (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING RECORD DATE, (E) FIXING THE DATE, TIME AND PLACE FOR THE HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES**

Upon consideration of the *Motion for Entry of an Order (A) Approving the Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan of Liquidation, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time, and Place for the Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [Docket No. 204] (the "**Motion**")[2] filed by the Debtor; and upon consideration of the Motion and all pleadings related thereto; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1] The business address and the last four (4) digits of the Debtor's federal tax identification number is Avadel Specialty Pharmaceuticals, LLC, 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005 (8959).

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

ACTIVE 44631686v8

B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.  Notice of the Motion was sufficient and proper under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

D.  The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtor, its estate and creditors.

E.  The form of ballot attached to the Motion as **Exhibit B** (the "**Ballot**"): (i) is consistent with Official Form No. B314, (ii) adequately addresses the particular needs of the Chapter 11 Case, (iii) is appropriate for Class 4, (iv) complies with Bankruptcy Rule 3017(d); and (v) complies with Local Rule 3017-2(d).

F.  Ballots need not be provided to holders of claims or interests in the following Classes[3] as such Non-Voting Classes are either Unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or are Impaired but will neither retain nor receive any property under the Plan and are thus conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Secured Tax Claims | Unimpaired | Deemed to Accept |
| 3 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 5 | Subordinated Claims | Impaired | Deemed to Reject |
| 6 | Interests in Avadel Specialty Pharmaceuticals, LLC | Impaired | Deemed to Reject |

G.  The period during which the Proponent may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for eligible claimholders to make informed

---

[3] In addition to the Non-Voting Classes identified in the table in paragraph F, a Ballot need not be provided to AUSH as the holder of DIP Claims, which, pursuant to the Final DIP Order, are unsecured and *pari passu* with General Unsecured Claims, and, therefore, included in Class 4, but do not entitle AUSH to vote on the Plan.

decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

H. The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

I. The contents of the Solicitation Packages and Non-Voting Notice Packages and the procedures for providing notice of the hearing on confirmation of the Plan and the other matters set forth in the Objection Deadline and Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Accordingly,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is approved on an interim basis.

3. The voting procedures set forth in the Motion and herein are approved.

4. The forms of notice to be provided to creditors and interest holders of the Debtor as set forth in the Motion are approved.

5. The Ballot substantially in the form attached to the Motion as **Exhibit B** is approved.

6. Pursuant to Local Rule 3017-2(c)(vi), any objections that were not made regarding the voting procedures, forms of notice, and Ballot, as set forth in the Motion, shall not be considered at the time of the Combined Hearing on the Disclosure Statement and the Plan.

7. Ballots shall be distributed to the holders of General Unsecured Claims in Class 4 who are entitled to vote to accept or reject the Plan.

8. In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered, by either first class mail, overnight courier, or personal

delivery, to Epiq Corporate Restructuring, LLC (the "**Balloting Agent**") at one of the addresses specified on the Ballots so that they are actually received no later than **4:00 p.m. (prevailing Eastern Time) on April 20, 2020** (the "**Voting Deadline**").

9.   For the purposes of voting on the Plan, each claim (a) for which a Proof of Claim was filed with the Court; or (b) that is listed in the Schedules and not listed as disputed, contingent, or unliquidated as to amount; and, in either case, as to which no objection to the allowance thereof has been filed by the Record Date, shall be allowed solely for voting purposes.  In conjunction with the foregoing, the following rules shall apply with respect to the voting of claims:

- a) If a claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the Debtor and the claimholder, such claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

- b) If a claim for which a Proof of Claim was filed for an unknown or undetermined amount, or which is wholly unliquidated or contingent (as determined on the face of the Proof of Claim or after a reasonable review of the supporting documentation by the Balloting Agent) and such claim has not been allowed, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount of $1.00;

- c) If a claim for which a Proof of Claim was filed is listed as contingent, unliquidated or disputed, in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent and undisputed for voting purposes only, and not for purposes of allowance or distribution;

- d) Proofs of Claim filed for $0.00 or listed in the Debtor's schedules for $0.00 are not entitled to vote;

- e) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtor in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan;

- f) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate claims within Class 4, the voting Class, shall be provided with only one Solicitation Package and one Ballot for voting a

ACTIVE 44631686v8

      single claim in such Class, regardless of whether the Debtor has objected to such duplicate claims; and

g)     If a claimant has filed an amended Proof of Claim that is filed on or prior to the Record Date (defined below), the latest filed claim shall be entitled to vote in a manner consistent with these rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Record Date shall not be considered for voting purposes.

10.     The following procedures shall be utilized in tabulating the Ballots (the "**Tabulation Procedures**"):

a)     At the discretion of the Proponent, or as otherwise permitted by the Court, Ballots received after the Voting Deadline may be accepted or counted by the Proponent in connection with the Proponent's request for confirmation of the Plan.

b)     Any Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan will not be counted.

c)     Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted.

d)     Whenever a claimholder casts more than one Ballot voting the same claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballot(s).

e)     If a claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

f)     Each claimholder will be deemed to have voted the full amount of its claim as set forth on the Ballot.

g)     Claimholders may not split their vote within a Class, thus each claimholder will be required to vote all of its claims within Class 4 either to accept or reject the Plan.

h)     Ballots partially rejecting and partially accepting the Plan will not be counted.

i)     The method of delivery of Ballots to the Balloting Agent is at the risk of each claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

j)     No Ballot should be sent directly to the Debtor.

k) The Proponent expressly reserves the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Proponent makes material changes in the terms of the Plan, the Proponent will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

l) If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a claimholder, such person will be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the claimholder.

m) Any claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

n) Subject to any contrary order of the Court, the Proponent further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

o) Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

p) Neither the Proponent nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

q) For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline or otherwise ordered by the Court.

r) Ballots received that do not evidence the amount or evidence an incorrect amount of such creditor's claim shall be completed or corrected, as the case may be, based upon a Final Order of the Court or, if no such Final Order exits, then (i) based upon filed Proofs of Claim, or (ii) the Schedules filed by the Debtor if no Proof of Claim has been filed by such creditor, and counted as a vote to accept or reject the Plan.

11. Upon completion of the balloting, the Balloting Agent will certify the amount and number of allowed Claims of Class 4 accepting or rejecting the Plan. The Proponent shall cause such certification to be filed with the Court prior to the hearing on confirmation of the Plan.

6

12. If any claimholder seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Procedures, such claimholder must file a motion, pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its claim or interest in a different amount or classification for purposes of voting to accept or reject the Combined Plan and Disclosure Statement (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtor so that it is received no later than **April 6, 2020 at 4:00 p.m. (prevailing Eastern Time)**. The Debtor shall then have until **April 9, 2020 at 4:00 p.m. (prevailing Eastern Time)** to file and serve any responses to such Rule 3018 Motions. Any Ballot submitted by a claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

13. The hearing on final approval of the Disclosure Statement and confirmation of the Plan is hereby scheduled for **April 29, 2020 at 10:00 a.m. (prevailing Eastern Time)**. The hearing on confirmation of the Plan may be continued from time to time by the Court without further notice other than the announcement of the adjourned date(s) at the hearing or any continued hearing.

14. Objections to final approval of the Disclosure Statement and/or confirmation of the Plan, if any, must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or equity interest of such party; and (iii) be filed with the Court and served on: (a) counsel for the Debtor: (i) Greenberg Traurig, LLP, Attn: Dennis A. Meloro, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 and (ii) Greenberg Traurig, P.A., Attn: Paul J. Keenan Jr. and John R. Dodd, 333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131; and (b) the Office of the United States Trustee, Attn: David Buchbinder, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, so as to be received by no later

than **4:00 p.m. (prevailing Eastern Time) on April 17, 2020** (the "**Objection Deadline**").

15.     The Objection Deadline and Hearing Notice, in substantially the form attached to the Motion as **Exhibit C**, is approved.  No later than **March 2, 2020**, the Proponent shall serve the Objection Deadline and Hearing Notice on: (i) those parties who have requested notice pursuant to Bankruptcy Rule 2002, (ii) all creditors listed in the Debtor's Schedules, (iii) all parties that have filed a Proof of Claim in the Chapter 11 Case; (iv) the Securities and Exchange Commission, (v) the Internal Revenue Service, and (vi) the United States Trustee.

16.     The Non-Voting Notice Package, in substantially the form attached to the Motion as **Exhibit D**, is approved.  No later than **March 2, 2020**, the Proponent shall serve the Non-Voting Notice Package on holders of claims and interests not entitled to vote on the Plan, such as holders of claims in unimpaired classes and holders of interests in deemed rejecting classes under section 1126(g) of the Bankruptcy Code.

17.     Counsel for the Proponent is directed to provide copies of the Combined Plan and Disclosure Statement and this Order to any party requesting such copies.

18.     Pursuant to Bankruptcy Rule 3017(d), the date on which this Order is entered shall be the record date (the "**Record Date**") for purposes of determining which holders of claims are entitled to receive Solicitation Packages and, where applicable, vote on the Plan.

19.     The Balloting Agent shall mail or transmit Solicitation Packages no later than five (5) business days after the entry of this Order to the holders of General Unsecured Claims in Class 4 who are entitled to vote to accept or reject the Plan.  Solicitation Packages shall contain copies of: (a) the Objection Deadline and Hearing Notice; (b) the Combined Plan and Disclosure Statement, and (c) a form of Ballot.

20.     The Proponent is authorized to make non-substantive and ministerial changes to any

documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Combined Plan and Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

21. The Proponent is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court

22. The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

23. The terms of this Order shall be effective immediately upon its entry.

Dated: February 24th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE