## **Exhibit B**

**Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Avadel Specialty Pharmaceuticals, LLC,[1] | Case No. 19-10248 (CSS) |
| Debtor. | |

## CLASS 4 BALLOT FOR ACCEPTING OR REJECTING
## THE PROPOSED COMBINED DISCLOSURE STATEMENT AND
## CHAPTER 11 PLAN OF LIQUIDATION

Avadel Specialty Pharmaceuticals, LLC (the "**Debtor**") filed the *Debtor's First Amended Proposed Combined Disclosure Statement* (the "**Disclosure Statement**") *and Chapter 11 Plan of Liquidation* (the "**Plan**") [Docket No. 304] (as it may be amended, supplemented or modified from time to time pursuant to the terms thereof, the "**Combined Plan and Disclosure Statement**") on June 10, 2019.

On **February [*], 2020** (the "**Record Date**"), the Court entered an order approving the Disclosure Statement on an interim basis and approving certain notice and voting procedures on the Plan [Docket No. __]. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Combined Plan and Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a copy of the Combined Plan and Disclosure Statement, you may obtain a copy from (i) the undersigned counsel to the Debtor, or (ii) Epiq Corporate Restructuring, LLC (the "**Balloting Agent**") at tabulation@epiqglobal.com (reference "Avadel" in the subject line).

The Plan identifies six Classes of Claims against and Interests in the Debtor. Only holders of General Unsecured Claims in Class 4 are entitled to vote on the Plan. This Ballot is to be used by such holders of Class 4 Claims only.

**You should review the Combined Plan and Disclosure Statement before you vote. You may wish to seek legal advice concerning the Combined Plan and Disclosure Statement and your classification and treatment under the Plan. Your claim has been placed in Class 4 under the Plan. Only holders of Allowed General Unsecured Claims in Class 4 as of the Record Date may vote to accept or reject the Plan.**

**If your Ballot is not received by the Balloting Agent on or before 4:00 p.m. (prevailing Eastern Time) on <u>April 20, 2020</u> and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

---

[1] The business address and the last four (4) digits of the Debtor's federal tax identification number is Avadel Specialty Pharmaceuticals, LLC, 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005 (8959).

**ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned holder of an Allowed Class 4 Claim(s) against the Debtor as of the Record Date,[1]

in the unpaid amount of $\underline{\hspace{4cm}}$:

*Check one box only*

❑ **Accepts the Plan**

❑ **Rejects the Plan**

Sections 13.4 and 13.7 of the Combined Plan and Disclosure Statement provide for releases and injunctions with respect to certain claims against certain non-debtor parties.  The undersigned:

*Check one box only*

❑ **Assents to the release and injunction provisions**

❑ **Opts out of the release and injunction provisions**

Dated: \underline{\hspace{3cm}}

Name of creditor holding claim: \underline{\hspace{5cm}}

Signature: \underline{\hspace{6cm}}

Print or type name: \underline{\hspace{5cm}}

Title (if applicable): \underline{\hspace{5cm}}

Address: \underline{\hspace{5cm}}

\underline{\hspace{5cm}}

\underline{\hspace{5cm}}

**Please mail this Ballot per the Instructions on the following page.**

---

[1] For voting purposes only, subject to tabulation rules.

## INSTRUCTIONS AND DEFINITIONS

1.      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement.

2.      This Ballot relates to your claim(s) as a Class 4 creditor of the Debtor.  Class 4 creditors entitled to vote on the Plan are holders of Allowed General Unsecured Claims.  All creditors in Class 4 who are permitted to vote should complete this Ballot and return it in the enclosed, postage-prepaid envelope **for delivery by first class mail** to:

Avadel Specialty Pharmaceuticals, LLC
Ballot Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4422
Beaverton, OR 97076-4422

Alternatively, Ballots may be returned **by courier service or hand delivery** to:

Avadel Specialty Pharmaceuticals, LLC
Ballot Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Only holders of Allowed General Unsecured Claims in Class 4 as of the Record Date may vote, and any vote by such holder shall be binding on and enforceable against both such holder and any subsequent transferee or holder of such claim.  Indicate your acceptance or rejection of the Plan and the amount of your claim(s) in the spaces provided above.

3.      You must vote all of your claims within a particular class either to accept or to reject the Plan, and you may not split your vote.  A Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

4.      Any Ballot not bearing an original signature will not be counted.  Any Ballot submitted by email or facsimile will not be counted.  Any Ballot not indicating a vote to accept or to reject the Plan will not be counted.

5.      To have your vote counted, your Ballot must be received by **4:00 p.m. (prevailing Eastern Time) on April 20, 2020** (the "**Voting Deadline**") at one of the addresses above.

6.      If a Ballot is received after the Voting Deadline, it will not be counted.

**IF YOU HAVE ANY QUESTIONS ABOUT VOTING THIS BALLOT, PLEASE CONTACT THE BALLOTING AGENT AT TABULATION@EPIQGLOBAL.COM (REFERENCE "AVADEL" IN THE SUBJECT LINE).**

## Exhibit C

**Objection Deadline and Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Avadel Specialty Pharmaceuticals, LLC,[1] | Case No. 19-10248 (CSS) |
| Debtor. | |

**NOTICE OF (I) INTERIM APPROVAL OF THE DISCLOSURE STATEMENT,
(II) ESTABLISHMENT OF SOLICITATION AND VOTING PROCEDURES,
(III) DEADLINE FOR VOTING ON THE PLAN, (IV) DEADLINE FOR FILING
ADMINISTRATIVE CLAIMS, (V) FINAL COMBINED HEARING ON APPROVAL OF
THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE
PLAN, AND (VI) DEADLINE FOR FILING OBJECTIONS THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING[2]:**

**Plan and Disclosure Statement.** On January 8, 2020, the Debtor filed the *Debtor's First Amended Proposed Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 304] (as may be modified, amended, or supplemented, the "**Combined Plan and Disclosure Statement**").

**Copies of the Combined Plan and Disclosure Statement**. If you wish to obtain a copy of the Combined Plan and Disclosure Statement, it is available free of charge on the dedicated webpage for the Chapter 11 Case: https://dm.epiq11.com/AVS. Parties in interest may also request copies of the Combined Plan and Disclosure Statement from the undersigned counsel to the Debtor or the Balloting Agent at tabulation@epiqglobal.com (reference "Avadel" in the subject line).

**Interim Approval of the Disclosure Statement**. By Order dated February [•], 2020 (the "**Order**"), the United States Bankruptcy Court for the District of Delaware (the "**Court**") approved, on an interim basis, the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

**Key Dates**. The Court also approved the following dates and deadlines related to the Plan:

| Event | Date / Deadline |
|---|---|
| Debtor filed First Amended Plan and Disclosure Statement | January 8, 2020 |
| Entry of Disclosure Statement Procedures Order | February [•], 2020 |

---

[1] The business address and the last four (4) digits of the Debtor's federal tax identification number is Avadel Specialty Pharmaceuticals, LLC, 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005 (8959).

[2] Capitalized terms used but otherwise not defined in this Objection Deadline and Hearing Notice have the meanings ascribed to them in the Combined Plan and Disclosure Statement and/or Order.

| Event | Date / Deadline |
|---|---|
| Voting Record Date | February [•], 2020 |
| Service Deadline | March 2, 2020 |
| Voting Deadline | April 20, 2020 at 4:00 p.m. (prevailing Eastern Time) |
| Disclosure Statement and Plan Objection Deadline | April 17, 2020 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline for filing: (i) Confirmation Brief; (ii) Balloting Report; (iii) Proposed Form of Confirmation Order; and (iv) Response Memoranda | April 24, 2020 at 4:00 p.m. (prevailing Eastern Time) |
| Combined Hearing on approval of Disclosure Statement and confirmation of the Plan | April 29, 2020, at 10:00 a.m. (prevailing Eastern Time) |

**Voting Record Date**. Holders of General Unsecured Claims in Class 4 are entitled to vote on the Plan. **February [•], 2020** has been established by the Court as the record date (the "**Voting Record Date**") for determining the creditors entitled to receive solicitation or notice materials in connection with the Plan. **If you are receiving this Notice, but do not also receive a Ballot for voting on the Plan, it is because the Debtor has determined that, as of the Voting Record Date, you do not hold a claim that is entitled to vote on the Plan.**

**Voting Deadline**. The deadline to vote to accept or reject the Plan is **4:00 p.m. (prevailing Eastern Time) on April 20, 2020** (the "**Voting Deadline**"). The Balloting Agent must <u>**receive**</u> your Ballot with an original signature by the Voting Deadline, otherwise your vote will not be counted. In order for your Ballot to count, you must (1) properly complete, date, and execute the Ballot and (2) deliver the Ballot to the Balloting Agent by either first class mail, overnight courier, or personal delivery so that the Ballots are actually received, in any case, by the Balloting Agent, no later than the Voting Deadline at one of the following addresses: (i) Avadel Specialty Pharmaceuticals, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422, if by first class mail, or (ii) Avadel Specialty Pharmaceuticals, LLC Ballot Processing Center c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005, if by courier service or hand delivery.

2

**Combined Hearing**. Pursuant to the Order, on **April 29, 2020 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing (the "**Combined Hearing**") will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom # 6, Wilmington, Delaware 19801, to consider confirmation of the Plan and approval of its disclosure provisions on a final basis. The Combined Hearing may be adjourned from time to time without further notice. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Combined Hearing.

**Summary of Plan Treatment of Claims and Interests.** The Plan proposes to modify the rights of certain creditors and equity interest holders of the Debtor. The table below summarizes the classification and treatment of the pre-petition claims and interests under the Plan.

| Class[3] of Claims or Interests | Estimated Amount of Allowed Claims | Treatment / Voting Status |
|---|---|---|
| 1 Other Priority Claims | $142,500[4] | Unimpaired Deemed to Accept |
| 2 Secured Tax Claims | None | Unimpaired Deemed to Accept |
| 3 Other Secured Claims | None | Unimpaired Deemed to Accept |
| 4 General Unsecured Claims[5] | $4,570,462 | Impaired Entitled to Vote |
| 5 Subordinated Claims | $166,336,766 | Impaired Deemed to Reject |
| 6 Interests in Avadel Specialty Pharmaceuticals, LLC | n/a | Impaired Deemed to Reject |

**Deadline to Object to Plan Confirmation and/or Adequacy of Disclosure Statement.** Any objection, comment, or response to confirmation of the Plan or approval of the Disclosure

---

[3] Classes are organized by *number* for type of claim or interest (1–6).

[4] The Internal Revenue Service ("**IRS**") timely asserted a claim for approximately $50.7 million on account of alleged taxes owed by both the Debtor and its affiliates from 2015 through 2017. This claim was later amended, reducing the amount to approximately $9.3 million. The estimated amount of Other Priority Claims set forth in the table represents the amount the IRS has agreed to in the IRS Settlement as a different treatment of such claim solely for purposes of the Plan.

[5] The estimated amount of General Unsecured Claims set forth in the table includes the estimated amount of DIP Claims, which, pursuant to the Final DIP Order, are unsecured and *pari passu* with General Unsecured Claims, but AUSH, in its capacity as holder of the DIP Claims, is not entitled to vote on the Plan.

*ACTIVE 44631686v8*

Statement on a final basis, including any supporting memoranda, must be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service, on or before **April 17, 2020, at 4:00 p.m. (prevailing Eastern Time)** (the "**Confirmation Objection Deadline**") and must (a) be in writing, (b) state the name and address of the objecting party, (c) state the amount and nature of the claim or interest of such party, (d) state with particularity the basis and nature of any objection to the Plan or approval of the Disclosure Statement on a final basis, and (e) be served so as to be received by the following parties on or before the Confirmation Objection Deadline to: (a) counsel for the Debtor: (i) Greenberg Traurig, LLP, Attn: Dennis A. Meloro, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 and (ii) Greenberg Traurig, P.A., Attn: Paul J. Keenan Jr. and John R. Dodd, 333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131; and (b) the Office of the United States Trustee, Attn: David Buchbinder, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801.

> **DISCLOSURE STATEMENT AND CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

**Administrative Expense Claims Bar Date.** Pursuant to Section 4.1.1 of the Plan, each entity that holds or wishes to assert an administrative expense claim against the Debtor's Estate pursuant to sections 503(b), 507(a)(2) or any other applicable section of the Bankruptcy Code, including without limitation administrative expense claims arising under an executory contract, arising on or after May 30, 2019 **shall have no later than thirty (30) days after the Effective Date to file such Administrative Claim (the "Administrative Expense Claims Bar Date")**, unless otherwise ordered by the Bankruptcy Court. Notwithstanding the foregoing, no filing is required for any of the following: (i) Accrued Professional Compensation Claims, (ii) Administrative Expense Claims Allowed by an order of the Bankruptcy Court or paid on or before the Effective Date, (iii) Administrative Expense Claims arising under section 503(b)(1)(D) of the Bankruptcy Code, (iv) fees arising under 28 U.S.C. § 1930 and any applicable interest thereon, and (v) Administrative Expense Claims arising on or prior to May 29, 2019 that were filed pursuant to the Court's *Order (I) Fixing Deadlines for Filing Proofs of Claim and Certain Administrative Expense Requests and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 191].

The request for payment of any such Administrative Expense Claim shall be filed with the Clerk of the Bankruptcy Court for the District of Delaware, so as to be actually received on or before the Administrative Expense Claims Bar Date, and all Administrative Expense Claims requests shall be in writing, provide with specificity the legal and factual basis for the alleged claim, include supporting documentation or an explanation as to why documentation is not available, and be signed by the claimant or an authorized agent of the claimant.

**Disclosures Regarding Injunction, Releases, and Exculpations.** The Plan contains certain injunction, release, and exculpation provisions as set forth below.

ARTICLE XIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND SECTION 13.7 CONTAINS THIRD-PARTY RELEASES. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. ALL HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTOR THAT DO NOT TIMELY FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASE THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH HOLDER AS A RELEASING PARTY UNDER THE PROVISIONS CONTAINED IN ARTICLE XIII OF THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTOR AND THE RELEASED PARTIES.

**Section 13.6 of the Plan.  Releases by the Debtor and Estate**

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Released Parties are deemed released and discharged by the Debtor and its Estate to the fullest extent permitted by applicable law, as such law may be extended or interpreted subsequent to the Effective Date, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or its Estate, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor and its Estate would have been legally entitled to assert in its own right, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the negotiation, documentation, and consummation of the Sale, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any of the Released Parties, the District Court Litigation, the negotiation, formulation or preparation of the Plan, the Plan Documents, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined by a Final Order to have constituted a crime, willful misconduct, or gross negligence; provided, however, that the foregoing release shall not affect any obligation or liability (i) of the Purchaser under the Asset Purchase Agreement or the Sale Order, or (ii) arising post-Effective Date under the Plan or in connection with any Plan Transaction.

**Section 13.7 of the Plan.  Releases by Certain Holders of Claims**

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Released Parties are deemed released and discharged by the Releasing Parties to the fullest extent permitted by applicable law, as such law may be extended or interpreted subsequent to the Effective Date, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Releasing Parties, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or

5

otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the negotiation, documentation, and consummation of the Sale, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any of the Released Parties, the District Court Litigation, the negotiation, formulation or preparation of the Plan, the Plan Documents, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined by a Final Order to have constituted a crime, willful misconduct, or gross negligence; provided, however, that the foregoing release shall not affect any obligation or liability (i) of the Purchaser under the Asset Purchase Agreement or the Sale Order, or (ii) arising post-Effective Date under the Plan or in connection with any Plan Transaction.  For the avoidance of doubt, a release of the Purchaser pursuant to this Section shall not affect any (i) "Assumed Liability" of the Purchaser as defined in the Asset Purchase Agreement or (ii) obligation or liability of the Purchaser arising in connection with the operation of the "Business" after the "Closing Date," both as defined in the Asset Purchase Agreement.

"**Released Parties**" means (i) AUSH, (ii) AUSH's directors, officers, principals, agents, affiliates (other than the Debtor), employees, and professionals, and (iii) subject to Ferring's dismissal of any and all claims or counterclaims against the Debtor in the District Court Action, Ferring.

"**Releasing Parties**" means (i) AUSH, and (ii) creditors who either (a) do not "opt out" of providing the releases or (b) do not object to providing the releases.

**Section 13.8 of the Plan.  Exculpation**

Upon and effective as of the Effective Date, the Exculpated Parties will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e).

The Exculpated Parties shall neither have nor incur any liability to any entity for any postpetition act taken or omitted to be taken on or before the Effective Date in connection with, or related to, the Chapter 11 Case, including with respect to (i) the negotiation, documentation, and consummation of the Sale and any contract, instrument, release or other agreement or document created or entered into in connection with the Sale, and (ii) the formulation, negotiation, preparation, dissemination, implementation, administration, confirmation, and effectuation of the Plan and any contract, instrument, release or other agreement or document created or entered into in connection with the Plan; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined by a Final Order to have constituted a crime, willful misconduct, or gross negligence.

"**Exculpated Parties**" means (a) the Debtor, (b) the Debtor's managers, members and officers in their capacity as such during the Chapter 11 Case, and (c) the Debtor's retained professionals (i.e., Greenberg Traurig, LLP; Cassel Salpeter & Co., LLC; MCA Financial Group, Ltd.; and Epiq), in each case in their capacity as such.

**Section 13.4 of the Plan.**  <u>Injunction</u>

**Except as otherwise expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all persons and entities who have held, hold or may hold Claims against or Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor, the Estate, the Plan Administrator, or any property of the Debtor, the Estate, or the Plan Administrator, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtor, the Estate, the Plan Administrator, or any property of the Debtor, the Estate, or the Plan Administrator, on account of any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind against any property of the Debtor, the Estate, or the Plan Administrator on account of any such Claim or Interest; (d) asserting any right of setoff of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor or the Estate on account of any such Claim or Interest; and (e) commencing or continuing in any manner any action or other proceeding of any kind with respect to any claims and Causes of Action which are retained pursuant to the Plan.**

**Upon the Bankruptcy Court's entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtor, the Plan Administrator, and their respective affiliates, employees, advisors, officers and directors, or agents.**

**PARTIES ARE ENCOURAGED TO REVIEW THE PLAN FOR ADDITIONAL INFORMATION, INCLUDING DEFINITIONS OF CAPITALIZED TERMS IN THE FOREGOING PROVISIONS.**

**Additional Information.**  Copies of the Order, Plan Supplement and additional materials in the Chapter 11 Case may be obtained (i) free of charge at (a) https://dm.epiq11.com/AVS or (b) upon email request to tabulation@epiqglobal.com (reference "Avadel" in the subject line) or (ii) viewed on the Internet, for a fee, at the Court's website http://www.deb.uscourts.gov (by following the directions for accessing the ECF system on such website).  **Please note that the Balloting Agent is not permitted to give legal advice.**

7

Dated: _____ __, 2020                    GREENBERG TRAURIG, LLP

                                            _____
                                            Dennis A. Meloro (DE Bar No. 4435)
                                            1007 North Orange Street, Suite 1200
                                            Wilmington, Delaware 19801
                                            Telephone: (302) 661-7000
                                            Facsimile: (302) 661-7360
                                            Email: melorod@gtlaw.com

                                            -and-

                                            Paul J. Keenan Jr. (admitted *pro hac vice*)
                                            John R. Dodd (admitted *pro hac vice*)
                                            Reginald Sainvil (admitted *pro hac vice*)
                                            Greenberg Traurig, P.A.
                                            333 S.E. 2nd Avenue, Suite 4400
                                            Miami, Florida 33131
                                            Telephone: (305) 579-0500
                                            Facsimile: (305) 579-0717
                                            Email: keenanp@gtlaw.com
                                                   doddj@gtlaw.com
                                                   sainvilr@gtlaw.com

                                            -and-

                                            Sara A. Hoffman (admitted *pro hac vice*)
                                            The MetLife Building
                                            200 Park Avenue
                                            New York, New York 10166
                                            Telephone: (212) 801-9200
                                            Facsimile: (212) 801-6400
                                            Email: hoffmans@gtlaw.com

                                            *Counsel for the Debtor and Debtor-in-Possession*

8

**Exhibit D**

**Non-Voting Notice Package**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Avadel Specialty Pharmaceuticals, LLC,[1] | Case No. 19-10248 (CSS) |
| Debtor. | |

**INFORMATION PACKAGE SUMMARIZING CERTAIN PLAN TERMS AND NOTICE
OF (I) INTERIM APPROVAL OF THE DISCLOSURE STATEMENT,
(II) ESTABLISHMENT OF SOLICITATION AND VOTING PROCEDURES,
(III) DEADLINE FOR VOTING ON THE PLAN, (IV) DEADLINE FOR FILING
ADMINISTRATIVE CLAIMS, (V) FINAL COMBINED HEARING ON APPROVAL OF
THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN,
AND (VI) DEADLINE FOR FILING OBJECTIONS THERETO**

TO: ALL HOLDERS OF UNCLASSIFIED CLAIMS (ADMINISTRATIVE EXPENSE
CLAIMS, PRIORITY TAX CLAIMS), ALL HOLDERS OF CLAIMS AGAINST OR
INTERESTS IN THE DEBTOR THAT ARE UNIMPAIRED AND DEEMED TO ACCEPT OR
IMPAIRED AND DEEMED TO REJECT THE PLAN (CLASS 1 CLAIMS (OTHER PRIORITY
CLAIMS), CLASS 2 CLAIMS (SECURED TAX CLAIMS), CLASS 3 (OTHER SECURED
CLAIMS), CLASS 5 CLAIMS (SUBORDINATED CLAIMS), AND CLASS 6 INTERESTS
(INTERESTS IN AVADEL SPECIALTY PHARMACEUTICALS, LLC), AND ALL HOLDERS
OF DIP CLAIMS (INCLUDED IN CLASS 4 GENERAL UNSECURED CLAIMS).[2]

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Plan and Disclosure Statement.**  On January 8, 2020, the Debtor filed the *Debtor's First Amended
Proposed Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 304]
(as may be modified, amended, or supplemented, the "**Combined Plan and Disclosure
Statement**").

**Copies of the Combined Plan and Disclosure Statement**.  If you wish to obtain a copy of the
Combined Plan and Disclosure Statement, it is available free of charge on the dedicated webpage
for the Chapter 11 Case: https://dm.epiq11.com/AVS.  Parties in interest may also request copies
of the Combined Plan and Disclosure Statement from the undersigned counsel to the Debtor or the
Balloting Agent at tabulation@epiqglobal.com (reference "Avadel" in the subject line).

**Interim Approval of the Disclosure Statement**.  By Order dated February [●], 2020 (the
"**Order**"), the United States Bankruptcy Court for the District of Delaware (the "**Court**")

---

[1]  The business address and the last four (4) digits of the Debtor's federal tax identification number is Avadel Specialty
Pharmaceuticals, LLC, 16640 Chesterfield Grove Road, Suite 200, Chesterfield, MO 63005 (8959).

[2]  Capitalized terms used but otherwise not defined in this Objection Deadline and Hearing Notice have meanings
ascribed to such terms in the Combined Plan and Disclosure Statement.

approved, on an interim basis, the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

**Combined Hearing**.  Pursuant to the Order, on **April 29, 2020, at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing (the "**Combined Hearing**") will be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom # 6, Wilmington, Delaware 19801, to consider confirmation of the Plan and approval of the Disclosure Statement on a final basis. The Combined Hearing may be adjourned from time to time without further notice.  The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Combined Hearing.

**No Entitlement to Vote on the Plan.**  Except for holders of General Unsecured Claims in Class 4, in accordance with the terms of the Plan and section 1126(f) and (g) of the Bankruptcy Code, no holder of a claim against or interest in the Debtor is entitled to vote on the Plan because all such claims and interests are either (i) Unimpaired by the Plan and deemed to accept the Plan or (ii) Impaired by the Plan and will receive no distribution under the Plan and therefore are deemed to reject the Plan.

**Summary of Plan Treatment of Claims and Interests.**  The Plan proposes to modify the rights of certain creditors and interest holders of the Debtor. The table below summarizes the classification and treatment of the pre-petition claims and interests under the Plan.

| Class of Claims or Interests | Estimated Amount of Allowed Claims | Treatment / Voting Status |
|---|---|---|
| 1 Other Priority Claims | $142,500[3] | Unimpaired Deemed to Accept |
| 2 Secured Tax Claims | None | Unimpaired Deemed to Accept |
| 3 Other Secured Claims | None | Unimpaired Deemed to Accept |
| 4 General Unsecured Claims[4] | $4,570,462 | Impaired Entitled to Vote |

---

[3] The Internal Revenue Service ("**IRS**") timely asserted a claim for approximately $50.7 million on account of alleged taxes owed by both the Debtor and its affiliates from 2015 through 2017.  This claim was later amended, reducing the amount to approximately $9.3 million.  The estimated amount of Other Priority Claims set forth in the table represents the amount the IRS has agreed to in the IRS Settlement as a different treatment of such claim solely for purposes of the Plan.

[4]  The estimated amount of General Unsecured Claims set forth in the table includes the estimated amount of DIP Claims, which, pursuant to the Final DIP Order, are unsecured and *pari passu* with General Unsecured Claims, but AUSH, in its capacity as holder of the DIP Claims, is not entitled to vote on the Plan.

2

| 5<br>Subordinated Claims | $166,336,766 | Impaired<br>Deemed to Reject |
| 6<br>Interests in<br>Avadel Specialty Pharmaceuticals,<br>LLC | n/a | Impaired<br>Deemed to Reject |

In addition to the foregoing summary, the classification and treatment of claims and interests under the Plan are described generally below. Certain claims of the Debtor are not classified. The Plan proposes to leave Unimpaired all such unclassified Allowed Claims of the Debtor. The treatment of unclassified claims under the Plan is described generally below.

| UNCLASSIFIED CLAIMS | |
| --- | --- |
| **Description and Amount of Claims or Interests and Projected Recoveries** | **Summary of Treatment under Plan** |
| **Administrative Claims (Unimpaired)**<br><br>**Estimated Aggregate Allowed amount of Administrative Claims: $0[5]**<br><br>**Estimated Recovery: 100%** | Except to the extent that a holder of an Allowed Administrative Expense Claim agrees with the Debtor or the Plan Administrator to a different treatment, and only to the extent that any such Allowed Administrative Expense Claim has not been paid in full prior to the Effective Date, each holder of an Allowed Administrative Expense Claim will be paid the full unpaid amount of such Allowed Administrative Expense Claim, in Cash, (a) on the Effective Date or, if not then due, then when such Allowed Administrative Expense Claim is due, (b) if an Administrative Expense Claim is Allowed after the Effective Date, on the date such Administrative Expense Claim is Allowed or, if not then due, when such Allowed Administrative Expense Claim is due, (c) at such time and upon such terms as may be agreed upon by such holder and the Debtor or the Plan Administrator, as the case may be, or (d) at such time and upon such terms as set forth in an order of the Bankruptcy Court. |
| **Priority Tax Claims (Unimpaired)**<br><br>**Estimated Aggregate Allowed amount of Priority Tax Claims: $0** | Except to the extent that a holder of an Allowed Priority Tax Claim agrees with the Debtor or the Plan Administrator to a different treatment, and only to the extent that any such Allowed Priority Tax Claim has not been paid in full prior to the Effective Date, each holder of an Allowed Priority Tax Claim shall receive regular installment payments in Cash over a period ending not later than five (5) years after the Petition Date of a total value, as of the Effective Date, equal to the Allowed |

---

[5] This estimate does not include Accrued Professional Compensation Claims or ordinary course payables.

3

| | |
|---|---|
| **Estimated Recovery: 100%** | amount of such Priority Tax Claim, together with interest accrued thereon at the applicable non-bankruptcy rate. The Debtor and the Plan Administrator reserve the right to prepay at any time under this option. Any Claims asserted by a governmental unit on account of any penalties and assessments shall not be Priority Tax Claims, except as provided in section 507(a)(8)(G) of the Bankruptcy Code. |
| **CLASSIFIED CLAIMS** | |
| **Class 1 Claims: Other Priority Claims (Unimpaired)**<br><br>**Estimated Allowed Aggregate Amount of Class 1 Claims: $142,500**<br><br>**Estimated Recovery: 100%** | Except to the extent that the holder of an Allowed Other Priority Claim has agreed with the Debtor or the Plan Administrator to a different treatment of such Claim, and only to the extent that any such Allowed Other Priority Claim has not been paid in full prior to the Effective Date, each such holder shall receive, in full satisfaction of such Allowed Other Priority Claim, Cash in an amount equal to such Allowed Other Priority Claim, on the later of (i) the Effective Date; (ii) the date the Other Priority Claim becomes an Allowed Claim; and (iii) the date for payment provided by any agreement or arrangement between the Debtor or Plan Administrator, as the case may be, and the holder of the Allowed Other Priority Claim. |
| **Class 2 Claims: Secured Tax Claims (Unimpaired)**<br><br>**Estimated Allowed Aggregate Amount of Class 2 Claims: $0**<br><br>**Estimated Recovery: 100%** | Except to the extent that the holder of an Allowed Secured Tax Claim has agreed with the Debtor or the Plan Administrator to a different treatment of such Claim, and only to the extent that any such Allowed Secured Tax Claim has not been paid in full prior to the Effective Date, each holder of an Allowed Secured Tax Claim shall receive Cash in an amount equal to such Allowed Secured Tax Claim, together with interest accrued thereon at the applicable nonbankruptcy rate, on the later of (i) the Effective Date; (ii) the date the Secured Tax Claim becomes an Allowed Claim; and (iii) the date for payment provided by any agreement or arrangement between the Debtor and the holder of the Allowed Secured Tax Claim, provided that the Debtor and, following the Effective Date, the Plan Administrator, shall retain and shall be entitled to enforce any setoff and recoupment rights relating to any tax refund claim. Any Claims asserted by a governmental unit on account of any penalties and assessments shall not be Secured Tax Claims, except as provided in section 507(a)(8)(G) of the Bankruptcy Code. |
| **Class 3 Claims: Other Secured Claims** | Except to the extent that a holder of an Allowed Other Secured Claim has agreed with the Debtor or the Plan Administrator to a |

4

| | |
|---|---|
| **(Unimpaired)**<br><br>**Estimated Allowed Aggregate Amount of Class 3 Claims: $0**<br><br>**Estimated Recovery: 100%** | different treatment of such Claim, and only to the extent that any such Allowed Other Secured Claim has not been paid in full prior to the Effective Date, each holder of an Allowed Other Secured Claim shall, at the option of the Plan Administrator, (i) be paid in full in Cash, (ii) receive the Collateral securing its Allowed Other Secured Claim, plus post-petition interest to the extent required under section 506(b) of the Bankruptcy Code, or (iii) receive such other treatment as to render its Allowed Other Secured Claim Unimpaired, in each case on the later of the Effective Date and the date such Other Secured Claim becomes an Allowed Other Secured Claim. |
| **Class 4 Claims: General Unsecured Claims (Impaired)**<br><br>**Estimated Allowed Aggregate Amount of Class 4 Claims: $4,570,462**<br><br>**Estimated Recovery: 3.12%** | Except to the extent that a holder of an Allowed General Unsecured Claim has agreed to a different treatment of such Claim, and only to the extent that any such Allowed General Unsecured Claim has not been paid by the Debtor prior to the Effective Date, each holder of an Allowed General Unsecured Claim will receive its Pro Rata Share of the Net Distributable Assets remaining after payment of the IRS Claim in accordance with the IRS Settlement.[6] |
| **Class 5 Claims: Subordinated Claims (Impaired)**<br><br>**Estimated Allowed Aggregate Amount of Class 5 Claims: $166,336,766**<br><br>**Estimated Recovery: 0%** | Holders of Subordinated Claims will receive no Distribution on account of such Claims. |
| **Class 6 Interests: Interests in Avadel Specialty Pharmaceutic, LLC** | On the Effective Date all Interests in the Debtor will be cancelled, and holders of such Interests shall receive no Distribution on account of such Interests. |

---

[6] DIP Claims are *pari passu* with General Unsecured Claims pursuant to the Final DIP Order, and therefore included in Class 4, but AUSH, in its capacity as holder of the DIP Claims, is not entitled to vote on the Plan.

*ACTIVE 44631686v8*

| **(Impaired)** **Estimated Recovery: 0%** | |
|---|---|

**Deadline to Object to Plan Confirmation and/or Adequacy of Disclosure Statement**.  Any objection, comment, or response to confirmation of the Plan or approval of the Disclosure Statement on a final basis, including any supporting memoranda, must be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service, on or before **April 17, 2020, at 4:00 p.m. (prevailing Eastern Time)** (the "**Disclosure Statement and Plan Objection Deadline**") and must (a) be in writing, (b) state the name and address of the objecting party, (c) state the amount and nature of the claim or interest of such party, (d) state with particularity the basis and nature of any objection to the Plan or approval of the Disclosure Statement on a final basis, and (e) be served on so as to be received by the following parties on or before the Disclosure Statement and Plan Objection Deadline: (a) counsel for the Debtor: (i) Greenberg Traurig, LLP, Attn: Dennis A. Meloro, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 and (ii) Greenberg Traurig, P.A., Attn: Paul J. Keenan Jr. and John R. Dodd, 333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131; and (b) the Office of the United States Trustee, Attn: David Buchbinder, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801.

**DISCLOSURE AND CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

**Administrative Claims Bar Date.**  Pursuant to Section 4.1.1 of the Plan, each entity that holds or wishes to assert an administrative expense claim against the Debtor's Estate pursuant to sections 503(b), 507(a)(2) or any other applicable section of the Bankruptcy Code, including without limitation administrative expense claims arising under an executory contract, arising on or after May 30, 2019 **shall have no later than thirty (30) days after the Effective Date to file such Administrative Claim** (the "**Administrative Expense Claims Bar Date**"), unless otherwise ordered by the Bankruptcy Court.  Notwithstanding the foregoing, no filing is required for any of the following: (i) Accrued Professional Compensation Claims, (ii) Administrative Expense Claims Allowed by an order of the Bankruptcy Court or paid on or before the Effective Date, (iii) Administrative Expense Claims arising under section 503(b)(1)(D) of the Bankruptcy Code, (iv) fees arising under 28 U.S.C. § 1930 and any applicable interest thereon, and (v) Administrative Expense Claims arising on or prior to May 29, 2019 that were filed pursuant to the Court's *Order (I) Fixing Deadlines for Filing Proofs of Claim and Certain Administrative Expense Requests and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 191].  The request for payment of any such Administrative Expense Claim shall be filed with the Clerk of the Bankruptcy Court for the District of Delaware, so as to be actually received on or before the Administrative Expense Claims Bar Date, and all Administrative Expense Claims requests shall be in writing, provide with specificity the legal and factual basis for the alleged claim, include supporting documentation or an explanation as to why documentation is not available, and be signed by the claimant or an

6

authorized agent of the claimant.

**Disclosures Regarding Injunction, Releases, and Exculpations.**  The Plan contains certain injunction, release, and exculpation provisions as set forth below.

ARTICLE XIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND SECTION 13.7 CONTAINS THIRD-PARTY RELEASES.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. ALL HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTOR THAT DO NOT TIMELY FILE AN OBJECTION WITH THE BANKRUPTCY COURT IN THE CHAPTER 11 CASE THAT EXPRESSLY OBJECTS TO THE INCLUSION OF SUCH HOLDER AS A RELEASING PARTY UNDER THE PROVISIONS CONTAINED IN ARTICLE XIII OF THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTOR AND THE RELEASED PARTIES.

**Section 13.6 of the Plan.  Releases by the Debtor and Estate**

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Released Parties are deemed released and discharged by the Debtor and its Estate to the fullest extent permitted by applicable law, as such law may be extended or interpreted subsequent to the Effective Date, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or its Estate, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor and its Estate would have been legally entitled to assert in its own right, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the negotiation, documentation, and consummation of the Sale, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any of the Released Parties, the District Court Litigation, the negotiation, formulation or preparation of the Plan, the Plan Documents, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined by a Final Order to have constituted a crime, willful misconduct, or gross negligence; _provided_, _however_, that the foregoing release shall not affect any obligation or liability (i) of the Purchaser under the Asset Purchase Agreement or the Sale Order, or (ii) arising post-Effective Date under the Plan or in connection with any Plan Transaction.

**Section 13.7 of the Plan.  Releases by Certain Holders of Claims**

On the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Released Parties are deemed released and discharged by the Releasing

Parties to the fullest extent permitted by applicable law, as such law may be extended or interpreted subsequent to the Effective Date, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Releasing Parties, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Releasing Parties would have been legally entitled to assert in their own right (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the negotiation, documentation, and consummation of the Sale, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any of the Released Parties, the District Court Litigation, the negotiation, formulation or preparation of the Plan, the Plan Documents, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Confirmation Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined by a Final Order to have constituted a crime, willful misconduct, or gross negligence; <u>provided</u>, <u>however</u>, that the foregoing release shall not affect any obligation or liability (i) of the Purchaser under the Asset Purchase Agreement or the Sale Order, or (ii) arising post-Effective Date under the Plan or in connection with any Plan Transaction. For the avoidance of doubt, a release of the Purchaser pursuant to this Section shall not affect any (i) "Assumed Liability" of the Purchaser as defined in the Asset Purchase Agreement or (ii) obligation or liability of the Purchaser arising in connection with the operation of the "Business" after the "Closing Date," both as defined in the Asset Purchase Agreement.

"**Released Parties**" means (i) AUSH, (ii) AUSH's directors, officers, principals, agents, affiliates (other than the Debtor), employees, and professionals, and (iii) subject to Ferring's dismissal of any and all claims or counterclaims against the Debtor in the District Court Action, Ferring.

"**Releasing Parties**" means (i) AUSH, and (ii) creditors who either (a) do not "opt out" of providing the releases or (b) do not object to providing the releases.

**Section 13.8 of the Plan.  <u>Exculpation</u>**

Upon and effective as of the Effective Date, the Exculpated Parties will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e).

The Exculpated Parties shall neither have nor incur any liability to any entity for any postpetition act taken or omitted to be taken on or before the Effective Date in connection with, or related to, the Chapter 11 Case, including with respect to (i) the negotiation, documentation, and consummation of the Sale and any contract, instrument, release or other agreement or document created or entered into in connection with the Sale, and (ii) the formulation, negotiation, preparation, dissemination, implementation, administration, confirmation, and effectuation of the Plan and any contract, instrument, release or other agreement or document created or entered into in connection with the Plan; <u>provided</u>, <u>however</u>, that the foregoing "exculpation" shall have no effect on the liability of any entity

*ACTIVE 44631686v8*

that results from any such act or omission that is determined by a Final Order to have constituted a crime, willful misconduct, or gross negligence.

"**Exculpated Parties**" means (a) the Debtor, (b) the Debtor's managers, members and officers in their capacity as such during the Chapter 11 Case, and (c) the Debtor's retained professionals (i.e., Greenberg Traurig, LLP; Cassel Salpeter & Co., LLC; MCA Financial Group, Ltd.; and Epiq), in each case in their capacity as such.

**Section 13.4 of the Plan.** <u>Injunction</u>

Except as otherwise expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all persons and entities who have held, hold or may hold Claims against or Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor, the Estate, the Plan Administrator, or any property of the Debtor, the Estate, or the Plan Administrator, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the Debtor, the Estate, the Plan Administrator, or any property of the Debtor, the Estate, or the Plan Administrator, on account of any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind against any property of the Debtor, the Estate, or the Plan Administrator on account of any such Claim or Interest; (d) asserting any right of setoff of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor or the Estate on account of any such Claim or Interest; and (e) commencing or continuing in any manner any action or other proceeding of any kind with respect to any claims and Causes of Action which are retained pursuant to the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtor, the Plan Administrator, and their respective affiliates, employees, advisors, officers and directors, or agents.

**PARTIES ARE ENCOURAGED TO REVIEW THE PLAN FOR ADDITIONAL INFORMATION, INCLUDING DEFINITIONS OF CAPITALIZED TERMS IN THE FOREGOING PROVISIONS.**

**Additional Information.** Copies of the Order, Plan Supplement and additional materials in the Chapter 11 Case may be obtained (i) free of charge at (a) https://dm.epiq11.com/AVS or (b) upon email request to tabulation@epiqglobal.com (reference "Avadel" in the subject line) or (ii) viewed on the internet, for a fee, at the Court's website http://www.deb.uscourts.gov (by following the directions for accessing the ECF system on such website). **Please note that the Balloting Agent is not permitted to give legal advice.**

*ACTIVE 44631686v8*

Dated: _____ __, 2020

GREENBERG TRAURIG, LLP

Dennis A. Meloro (DE Bar No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile:  (302) 661-7360
Email: melorod@gtlaw.com

-and-

Paul J. Keenan Jr. (admitted *pro hac vice*)
John R. Dodd (admitted *pro hac vice*)
Reginald Sainvil (admitted *pro hac vice*)
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
Email: keenanp@gtlaw.com
        doddj@gtlaw.com
        sainvilr@gtlaw.com

-and-

Sara A. Hoffman (admitted *pro hac vice*)
The MetLife Building
200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:   (212) 801-6400
Email:  hoffmans@gtlaw.com

*Counsel for the Debtor and Debtor-in-Possession*

10